# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 25, 2022

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| TIFFANY HALE, | * | No. 19-1502V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Complex Regional Pain |
| | * | Syndrome ("CRPS"); Chronic Fatigue |
| Respondent. | * | Syndrome ("CFS") |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Brian L. Cinelli*, Marcus & Cinelli, LLP, Williamsville, NY, for Petitioner.
*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On September 30, 2019, Tiffany Hale ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered from chronic fatigue syndrome ("CFS") and/or complex regional pain syndrome ("CRPS") due to an influenza ("flu") vaccine administered on September 29, 2016. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On December 9, 2021, Petitioner filed a status report stating that she "has been unable to find an expert that would support causation in this action." ECF No. 29 at 1. On February 8, 2022, Petitioner filed a motion for a decision dismissing her petition. ECF No. 30. In her motion, Petitioner stated that "[a]n investigation of the facts and science supporting this case has demonstrated to Petitioner that they will be unable to prove entitlement to compensation in the Vaccine Program" *Id.* ¶ 1. She continued, "[i]n these circumstances, to proceed further would be

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unreasonable and may waste the resources of the Court, the [r]espondent and the Vaccine Program." *Id.* ¶ 2. Respondent had no objection to Petitioner's motion. *Id.* ¶ 4.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.